# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

UNITED STATES OF AMERICA

CASE# 1:09cr30-SPM

vs.

KEITH EDWARD OLMEDA
_____/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between **KEITH EDWARD OLMEDA**; Darren Johnson, Assistant Federal Public Defender, attorney for **KEITH EDWARD OLMEDA**; and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal or administrative claim against **KEITH EDWARD OLMEDA**.

### 2. TERMS

The parties agree to the following terms:

a. **KEITH EDWARD OLMEDA** will plead guilty as charged to his pending Indictment charging five counts of production of child pornography, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e), each count being punishable by a minimum of fifteen (15) years imprisonment and a maximum possible penalty of thirty (30) years imprisonment, a $250,000.00 fine, 5 years to life on supervised release pursuant to Title 18, U.S.C., Section 3583(k), and a $100.000 special monetary assessment.

b. Defendant is pleading guilty because **KEITH EDWARD OLMEDA** is in fact guilty of

FILED IN OPEN COURT

11/12/09

Initials           Date

the charges contained in his pending Indictment. In pleading guilty to these offenses, defendant acknowledges that were this case to go to trial, the government could present evidence to support the charges beyond a reasonable doubt. **KEITH EDWARD OLMEDA** agrees to pay the $100.00 special monetary assessments on or before the date of sentencing. **KEITH EDWARD OLMEDA** further agrees to forfeit all property in accordance with the forfeiture count of his Indictment.

c. Upon the District Court's adjudication of guilt of **KEITH EDWARD OLMEDA**, the United States Attorney, Northern District of Florida, will not file any further criminal charges against **KEITH EDWARD OLMEDA** arising out of the same transactions or occurrences to which **KEITH EDWARD OLMEDA** has pled.

d. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement. Should the defendant be charged with any offense alleged to have occurred after entry into this agreement, any statements, information or other evidence disclosed to the Government during the defendant's cooperation may be used against **KEITH EDWARD OLMEDA** in any such prosecution.

e. The parties acknowledge that the Sentencing Guidelines apply. The parties agree that the District Court's discretion in sentencing is restricted only by the statutory provisions and the Sentencing Guidelines. The District Court will determine and resolve all factual disputes related to sentencing by a preponderance of the evidence standard.

f. Both parties have the right to advise the District Court and other authorities of their versions of the offenses committed by **KEITH EDWARD OLMEDA**. Both parties have the right to argue positions under the Sentencing Guidelines and factors set forth in Title 18, United States Code, Section 3553, including requests for departures from the guideline range.

g. Defendant understands that conviction on this charge may adversely affect his immigration status and may lead to his deportation.

h. Defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## 4. SENTENCING GUIDELINES

a. To the extent that such a right is determined to exist, the defendant waives any right he may have to have any fact or issue related to sentencing be determined by a jury beyond a reasonable doubt or to have such fact or issue presented to a grand jury or alleged in the Indictment. The defendant consents and agrees that the Court will decide, by a preponderance of the evidence, all factual and legal issues that may impact upon a determination of the range of imprisonment under the United States Sentencing Guidelines. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of defendant's plea. The Court is not limited to consideration of the facts and events provided by the parties.

b. Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise. Because of the variety and complexity of issues which may arise

3

under the Sentencing Guidelines, the sentence may not be subject to accurate prediction.

## 5. FORFEITURE

a. Defendant agrees to forfeit all forfeitable assets to the United States or to agencies designated by the United States. Defendant shall take all steps necessary to transfer forfeitable assets to the United States, including but not limited to executing any documents, consenting in any form or cause of action required by the United States, providing information and supporting documentation within the defendant's possession or control, and inducing persons holding property on the defendant's behalf to transfer such property to the United States. These transfers shall be completed prior to sentencing.

d. At his sole discretion, the United States Attorney may decline to forfeit assets where the value, or level of equity, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

## CONCLUSION

There are no other agreements between the United States Attorney, Northern District of Florida and **KEITH EDWARD OLMEDA**; and **KEITH EDWARD OLMEDA** enters this agreement knowingly, voluntarily and upon advice of counsel.

*[signature]*

DARREN JOHNSON
Assistant Federal Public Defender

*November 12, 2009*
Date

*[signature]*

KEITH EDWARD OLMEDA
Defendant

*11-12-09*
Date

THOMAS F. KIRWIN
United States Attorney

*[signature]*

F. T. WILLIAMS
Florida Bar No. 936219
Assistant U.S. Attorney
Northern District of Florida
300 East University Ave., Suite 310
Gainesville, FL 32601
352-378-0996

*November 12, 2009*
Date

5