IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:   1:09cr30/MW/GRJ
                                                    1:12cv109/MW/GRJ

KEITH E. OLMEDA

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law. (Doc. 44.)  The Government has filed a response (Doc. 47) and Defendant filed a reply. (Doc. 50.)  After a careful review of the record and the arguments presented,the Court concludes that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

Defendant was charged on September 23, 2009, with five counts of production of child pornography. (Doc. 1.)  The five counts addressed offense conduct that was alleged to have occurred on five separate dates on which Defendant filmed his then-girlfriend's four minor children engaged in sexual acts at his direction.[1]   Represented by appointed counsel Darren Johnson, on November 12, 2009, Defendant entered a plea

---

[1] Detailed statements of facts describing the offense conduct are contained in the Statement of Facts (Doc. 19), the transcript of the change of plea proceeding (Doc. 39) and the Presentence Investigation Report (Doc. 38), and will not be set forth herein as they are not germane to resolution of Defendant's claims.

of guilty pursuant to a written plea agreement and statement of facts. (Docs. 18–22.)
The plea proceeding was unremarkable. (*See* Doc. 39.)

The Presentence Investigation Report ("PSR") calculated Defendant's total
offense level at 47,[2] and his criminal history category at I. (Doc. 38, PSR ¶¶ 19–40; 44.)
The applicable guidelines range was life imprisonment.  Each of the five counts
individually had a statutory minimum term of 15 years and a maximum term of 30 years
imprisonment.  The court was not constrained by the statutory maximum on the
individual counts in fashioning an appropriate sentence.  Pursuant to § 5G1.2(d) of the
guidelines, "if the sentence imposed on the count carrying the highest statutory
maximum is less than the total punishment, then the sentence imposed on one or more
of the other counts shall run consecutively, but only to the extent necessary to produce
a combined sentence equal to the total punishment."  U.S.S.G. § 5G1.2(d); Doc. 38,
PSR ¶ 62.

At sentencing, defense counsel conceded the propriety of a lengthy prison
sentence and submitted that a 360 month sentence would be sufficient but not greater
than necessary under the circumstances of this case. (Doc. 40 at 3.)  Defendant
expressed his great remorse for his actions, and the father of one of the victims spoke
briefly. (*id*. at 6–8.)  Before imposing sentence, the court stated that it had considered
the 3553(a) factors, the Guidelines and the policy statements, and that it recognized
that the Guidelines were not binding upon it (*id*. at 10).  The court also noted that it had

---

[2] Pursuant to Application Note 2 to Chapter 5, part A, of the Guidelines,  an offense
level of more than 43 is treated as offense level 43, which is the highest level appearing
on the sentencing table.

tailored Defendant's sentence to take into account the facts and circumstances of his particular case. (*id*. at 10–11.)  The court sentenced Defendant to a term of 150 years imprisonment.  In so doing, the court expressly stated that the sentence in this case was "equal to the life sentence recommended by the Guidelines," that it reflected the seriousness of the offense and the harm caused to the four victims, and that it was sufficient, but not greater than necessary to meet the purposes of 18 U.S.C. § 3553(a). (*id.* at 11.)

Defendant appealed, claiming that the court had erred in failing to advise him that the sentences could be imposed to run consecutively.  The Eleventh Circuit found no error affecting Defendant's substantial rights and affirmed. (Doc. 43.)

In the present motion, defendant raises three grounds for relief, each claiming constitutional violations in his sentencing.  The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### *General Standard of Review*

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of

constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v.

United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).  Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235.

In this case, each of Defendant's three claims which allege constitutional error with respect to his sentence, could have been raised on direct appeal, and each therefore is procedurally barred.  A meritorious claim of ineffective assistance of counsel can constitute cause for the procedural default.  See Nyhuis, 211 F.3d at 1344. Defendant did not specifically allege that counsel was constitutionally ineffective, although he explains that the reason the claims were not raised earlier is that his court appointed attorney did not raise the issues on appeal (see, e.g., doc. 44 at 7).  The Government has also interpreted his motion as including an allegation of ineffective assistance of counsel, and in light of the liberal construction afforded to pro se pleadings, the court will construe Defendant's submission as incorporating a claim that counsel was constitutionally ineffective for his failure to assert these issues on appeal.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

To prevail on a claim for ineffective assistance of appellate counsel, a defendant must show that (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal.  Shere v. Sec'y Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir.2008); see Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir.2009) (holding that claims for ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).  Counsel is clearly not ineffective for failing to raise a meritless issue on appeal.  Shere, 537 F.3d at 1311; Ladd v. Jones, 864 F.2d 108, 110 (11th Cir.1989) ("[S]ince these claims were meritless, it was clearly not ineffective for counsel not to pursue them.").

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.

### *Ground One*

Defendant first asserts that he was denied due process at sentencing because the district court relied on the Sentencing Guidelines in fashioning a sentence, and the manner in which the Guidelines treat child pornography offenses is arbitrary and constitutionally flawed.  He says that had he been sentenced before 2004, his

sentencing exposure would have been 405 months, rather than "life," which amounts to a more than 116 year difference merely due to the passage of time.

In support of his position that the child pornography guidelines are flawed, Defendant relies on a paper authored by federal public defender Troy Stabenow, *Decontrusting the Myth of Careful Study: A primer on the Flawed Progression of the Child Pornography Guidelines* (Jan. 1, 2009), and cases that have cited Stabenow's article. (*See* doc. 44 at 31–35.)  One of the premises of Stabenow's article is that the Guidelines for child-pornography offenses are flawed because the Guidelines do not distinguish between levels of culpability such that the severity of sentences imposed against an individual who has downloaded child pornography, but has had no direct connection to the production of the materials or the abuse of children, has increased disproportionately.

The Eleventh Circuit recently reviewed the appeal of a defendant convicted of the production of child pornography who also sought to rely on Stabenow's article. United States v. Dean, 635 F.3d 1200 (11th Cir. 2011).  In Dean, the Eleventh Circuit distinguished between a "typical downloader" of child pornography, who has had no direct connection to the materials or the abuse of children, and someone who actually has contact with and abuses children to create child pornography.  Defendant Dean was in the latter category, as he had sexually abused his stepdaughter and filmed the episodes of abuse to generate pornographic films.  Dean, 635 F. 3d at 1212.  The court further noted that "[n]ot one of the sources [Dean] cites supports the argument that the

Guidelines are too harsh with respect to perpetrators who assault children to produce pornography."[3]  *Id*.

As was the case of the defendant in <u>Dean</u>, Defendant in this case admitted to and was convicted of actually producing child pornography, which involved four victims. Additionally, like the defendant in <u>Dean</u>, Defendant also has not identified a single source taking the position that the guidelines are flawed as applied to individuals who create child pornography.[4]  Thus, Defendant's due process claim is wholly without merit.  Defendant's claim standing alone is procedurally barred, and because it is without merit, he has not shown that counsel was constitutionally ineffective for not pursuing it on appeal.  No relief is warranted.

### *Ground Two*

Defendant next claims that the court's reliance on the current child pornography guidelines created by the PROTECT Act[5] violates the constitutional mandate of separation of powers because creation of the guidelines encroaches upon the judicial function of the Sentencing Commission.  Defendant cites no legal authority in support of his position, and this court has found none.  In contrast, the Supreme Court has

---

[3] Dean received a twenty year sentence under 18 U.S.C. § 1466A(a)(2) for producing child pornography and a ten year consecutive sentence under 18 U.S.C. § 2252A(a)(5)(B) for possessing child pornography.  <u>Dean</u>, 63 F.3d at 1202.

[4] Defendant suggests in his reply that because the <u>Dean</u> court refused to find that the child pornography guidelines were not flawed, the guidelines must be flawed as applied to both the producer and the individuals who download child pornography.(Doc. 50 at 2.)

[5] Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today (PROTECT) Act of 2003, Pub.L. No. 108-21, § 401(g), 117 Stat. 650, 671-72 (2003),

recognized that federal sentencing "never has been thought to be assigned by the Constitution to the exclusive jurisdiction of any one of the three Branches of Government."  United States v. Mistretta, 488 U.S. 361, 364 (1989).  And, at least one appellate court has found no separation of powers violation.  See United States v. Medina-Beltran, 542 F.3d 729, 731 (9th Cir. 2008) (citing United States v. Newson, 515 F.3d 374, 378–79 (5th Cir. 2008); United States v. Delk, 132 F. App'x 448, 449 (4th Cir. 2005)); see also United States v. Salazar, 185 F. App'x 484 (6th Cir. 2006) (noting that even if a portion of PROTECT Act was unconstitutional, there is a severability clause).

Defendant's claim is procedurally barred, and, construed as an ineffective assistance of counsel claim is without merit.  Defendant has not shown that counsel was constitutionally ineffective for his failure to raise this issue, which has no merit.  Defendant, therefore, is not entitled to relief.

### Ground Three

Defendant's third claim is that he was denied due process and equal protection in sentencing because the sentence he received was in excess of the Sentencing Commission's definition of "life."[6]  Defendant contrasts the 470 month starting point for a "life" sentence that is used by courts when considering downward departures with actual sentences imposed in cases without downward departures.  Defendant argues that because the 470 month term is not utilized as a "cap" in imposing sentence, as a

---

[6] The Sentencing Guidelines themselves do not define "life".  See U.S.S.G. § 5 Pt. A, cmt n.1.  However, the Sentencing Commission equates 470 months to a life sentence as a starting point for a downward departure.  See, e.g.,  United States v. Keller, 413 F.3d 706, 711 (11th Cir. 2005); United States v. Metzger, 411 F. App'x 1, 3 (7th Cir. 2010).

result, defendants such as himself, who are convicted of "undesirable" crimes, receive sentences significantly in excess of a "life" term in violation of equal protection and due process.   In short, Defendant appears to argue that the fact that he received a sentence greater than 470 months, or the fact that he received a sentence greater than that received by defendants convicted of other offenses, "proves" the existence of a constitutional violation.

A defendant who alleges an equal protection violation has the burden of proving "the existence of purposeful discrimination," and a discriminatory effect.  McCleskey v. Kemp, 481 U.S. 279, 292 (1987) (quoting Whitus v. Georgia, 385 U.S. 545, 550 (1967) and Wayte v. United States, 470 U.S. 598, 608 (1985)).  Defendant has made no such allegation herein, nor has he identified similarly situated individuals who received substantially disparate sentences.

The fact that Defendant's sentence exceeded 470 months does not prove a constitutional violation.   In the event of multiple counts of conviction, the Guidelines direct the court to impose consecutive sentences as necessary to produce a combined sentence equal to the total punishment.  Defendant was 34 years old at the time of sentencing.  The district court expressly stated at sentencing that the sentence in this case was "equal to the life sentence recommended by the Guidelines," that it reflected the seriousness of the offense and the harm caused to the four victims, and that the sentence was sufficient, but not greater than necessary to meet the purposes of 18 U.S.C. § 3553(a). (Doc. 40 at 11.)  Numerous courts, including the Eleventh Circuit in this case, have affirmed sentences of more than 100 years when the defendant's

guideline range was life. *See, e.g.,* United States v. Sarras, 575 F.3d 1191,1220–21

(11th Cir.2009) (upholding 100–year sentence for first-time offender who sexually

abused 13–year–old girl and took photos of it when guideline range was life); United

States v. Betcher, 534 F.3d 820, 827–28 (8th Cir.2008) (upholding 750–year sentence

for first-time offender who produced, received, and possessed child pornography when

guideline range was life); United States v. Johnson, 451 F.3d 1239, 1244 (11th

Cir.2006) (upholding 140–year sentence for producing and distributing child

pornography when guideline range was life); United States v. Metzger, 411 F. App'x 1

(7th Cir. 2010) (upholding 2,820 month sentence for producing child pornography and

possessing 1 million images of child pornography for erotica); *cf.* United States v.

Russell, 662 F.3d 831, 853 (7th Cir. 2011) (upholding 456 month sentence, while noting

that imposing maximum and consecutive sentences would have resulted in a 120 year

sentence); *see also* United States v. Thompson, 523 F.3d 806, 814 (7th Cir. 2008)

(upholding 190 year sentence for wire fraud, felony by fire, bankruptcy fraud and other

crimes); United States v. Veysey, 334 F.3d 600, 602 (7th Cir. 2003) (upholding 110

year sentence for mail and wire fraud, arson, and felony by fire).  The First Circuit has

recently held that there is no "cap" within the Guidelines that limits life sentences to 470

months.  United States v. Breton, 740 F.3d 1, 22 (1st Cir. 2014).

 Accordingly, Defendant has not established an equal protection or a due process

violation. Moreover, his claim is both procedurally barred and, if construed as an

ineffective assistance of counsel claim, without merit.

### CONCLUSION

For all of the foregoing reasons, the court concludes that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore, Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (Doc. 44) should be

**DENIED**.

2.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 5th  day of November, 2014.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge



## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).