IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.:   1:09cr30/MW/GRJ
                1:16cv248/MW/GRJ

KEITH EDWARD OLMEDA,

   Petitioner.
_____

### REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's Motion For 28 U.S.C. § 2255(a) Relief Based Upon Johnson v. United States, 135 S. Ct. 2251 (2015).  (ECF No. 59.)   On July 8, 2016, Petitioner was ordered to show cause why his motion should not be summarily dismissed due to the court's lack of jurisdiction to consider a successive § 2255 motion without proper authorization.  (ECF No. 60).  Petitioner filed a response to the show cause order.  (ECF No. 61).   Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the court does not have

jurisdiction to entertain Petitioner's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

On November 12, 2009, Petitioner entered a guilty plea to five charges involving child pornography. (ECF Nos. 18-22.) In February of 2010, Petiitoner was sentenced to a term of thirty (30) years on each count to run consecutively, for a total term of 150 years' imprisonment. (ECF No. 28.) Petitioner's convictions were affirmed on appeal. (ECF No. 43.)

In May of 2012, Petitioner filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. (ECF No. 44.) Petitioner's motion, as well as a certificate of appealability, were denied. (ECF Nos. 53, 57, 58.)

In the instant motion, his second, Petitioner seeks relief based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (ECF No. 59). Before a second or successive application for § 2255 relief is filed in the district court, a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v.

Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x. 409 (11th Cir. 2010). This authorization is required even when, as here, a petitioner bases his motion on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Petitioner has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion. Therefore, the instant motion to vacate must be dismissed. The court declines to adopt Petitioner's suggestion that his case be transferred to the Eleventh Circuit Court of Appeals. Petitioner was not sentenced under the ACCA and therefore Johnson has no application to his case.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      Petitioner's Motion For 28 U.S.C. § 2255(a) Relief Based Upon Johnson v. United States, 135 S.Ct. 2251 (2015), (ECF No. 59), should be

**SUMMARILY DISMISSED** as the court lacks jurisdiction to consider the motion.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 6th day of September, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 1:09cr30/MW/GRJ; 1:16cv248/MW/GRJ